IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DENNIS GUY CLARK,　　　　　　　　　　　　　　　　　CV 07-1369-MA

　　　　Petitioner,　　　　　　　　　　　　　OPINION AND ORDER

　　v.

J.E. THOMAS,
Warden, FCI-Sheridan,

　　　　Respondent.


　　DENNIS GUY CLARK
　　Federal Register Number 01384-045
　　Federal Correctional Institution
　　PO Box 5000
　　Portland, OR  97378-5000

　　　　Petitioner, *Pro Se*

　　KARIN J. IMMERGUT
　　United States Attorney
　　SCOTT ERIK ASPHAUG
　　Assistant United States Attorney
　　United States Attorney's Office
　　District of Oregon
　　1000 SW Third Avenue, Suite 600
　　Portland, OR  97204-2902

　　　　Attorneys for Respondent

MARSH, Judge:


1- OPINION AND ORDER

Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner seeks a writ of habeas corpus commanding Respondent[1] to cease collecting restitution payments from Petitioner, to identify Petitioner "IFRP-Exempt," to vacate all sanctions imposed upon Petitioner, and to restore Petitioner to the position he would have been in but for the BOP's allegedly wrongful actions.

On August 6, 1997 Petitioner pleaded guilty to one count of Possession of a Stolen Money Order in violation of 18 U.S.C. § 500, and two counts of Postal Burglary in violation of 18 U.S.C. § 2115, in the District of Oregon. He was sentenced to a total of 51 months imprisonment, three years supervised release, and ordered to pay restitution in the amount of $71,511. The only mention of payment of this restitution amount is contained under a section in the judgment entitled "Supervised Release," which states "The defendant shall make restitution in the amount of $71,511.00 to the victim identified in the presentence report (US Postal Service). Any unpaid balance at the time of release from custody shall be paid at the rate of $25.00 per month."

On June 7, 1999, while Petitioner was still incarcerated on

---

[1] J.E. Thomas was substituted for originally named Respondent Charles Daniels when Mr. Thomas became the new Warden of Federal Correctional Institution - Sheridan, February 8, 2008.

2- OPINION AND ORDER

the above conviction, a jury in the District of Idaho found him guilty of Distribution of Marijuana in violation of 21 U.S.C. § 841(a)(1), Theft of Firearms Moved in Interstate Commerce, in violation of 18 U.S.C. § 924(l), Theft of Firearms from a Federally Licensed Firearms Dealer, in violation of 18 U.S.C. § 924(m), Possession of a Stolen Firearm which had Moved in Interstate Commerce, in violation of 18 U.S.C. § 922(j), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). For these convictions Petitioner was sentenced to a total of 293 months imprisonment, 5 years of supervised release, and ordered to pay restitution in the amount of $17,387.31. Payment of this restitution amount is only mentioned in a section in the judgment entitled "Supervised Release," which states, "it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment."

    According to Petitioner, when he arrived at FCI Sheridan the BOP began withdrawing quarterly restitution payments of $25 from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, *et seq*. This Court does not have sufficient information to confirm or deny the payments collected from Petitioner by the BOP. However,

Petitioner avers that he does not wish to voluntarily make any payments toward his restitution obligation. While Petitioner can not be commended for his unwillingness to begin paying down a restitution obligation in excess of $88,898, the question before this Court is not whether Petitioner should begin making restitution payments, but whether Petitioner is required by law to make restitution payments while he is in prison.

By his answer dated November 18, 2007, Respondent concedes the writ should be granted but argues that no relief should be ordered because the BOP will voluntarily "cease collection activity pursuant to the IFRP and will identify [Petitioner] as IFRP exempt."

Consistent with this Court's position in the recent string of Section 2241 cases in this district raising the same issue[2], I find that Petitioner has made a sufficient showing that the BOP's

---

[2] *See Maciejewski v. Daniels*, 2008 WL 6489689 (D. Or. March 7, 2008); *Aklestad v. Daniels*, 2008 WL 199909 (D. Or. Jan 17, 2008); *Darland v. Daniels*, 2007 WL 4563667 (D. Or. Dec. 20, 2007); *Purteman v. Daniels*, 2007 WL 4563641 (D. Or. Dec. 20, 2007); *White v. Daniels*, 2007 WL 4210960 (D. Or. Nov. 26, 2007); *Haskins v. Daniels*, 2007 WL 4210913 (D. Or. Nov. 26, 2007); *Nelson v. Daniels,* 2007 WL 3128502 (D. Or. Oct. 22, 2007); *Wright v. Daniels,* 2007 WL 3125302 (D. Or. Oct. 22, 2007); *Putnam v. Daniels*, 2007 WL 2688243 (D. Or. Sept. 10, 2007); *Bowen v. Daniels,* 2007 WL 2608312 (D. Or. Sep. 3, 2007); *Fowler v. Daniels*, 2007 WL 2323306 (D. Or. Aug. 8, 2007); *Lemoine v. Daniels*, 2007 WL 2138601 (D. Or. July 20, 2007); *Dixey v. Daniels*, 2007 WL 1975806 (D. Or. July 5, 2007); *Jones v. Daniels*, 2007 WL 1959278 (D. Or. July 2, 2007); *Calvert v. Daniels*, 2007 WL 201067 (D. Or. Jan. 16, 2007); *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. Dec. 5, 2006).

collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[3], because neither sentencing court that sentenced Petitioner to restitution set a schedule of payments for his period of imprisonment. *See United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*). Accordingly, I once again issue the writ of habeas corpus, and command Respondent to designate this Petitioner "IFRP Exempt." Petitioner is not entitled to any other relief. If he did make payments toward his restitution debt he is in a better, not worse, position for having paid down that debt.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to designate Petitioner "IFRP Exempt."

IT IS SO ORDERED.

DATED this 28_ day of March, 2008.

                                       /s/ Malcolm F. Marsh
                                       Malcolm F. Marsh
                                       United States District Judge

---

[3] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

5- OPINION AND ORDER